THOMAS, P.J.,
for the Court:
¶ 1. Park Inn International and Service Industries Workers’ Compensation Trust appeal the order of the circuit court, raising four issues as error. Will Earnest Hull responds to Park Inn International and Service Workers’ Compensation Trust’s four issues by raising and addressing eleven issues of his own. We will address only the following two issues as they are dispositive of the case:
I. HULL’S MOTION TO ALLOW ADDITIONAL EVIDENCE WAS PROPERLY DENIED BY THE COMMISSION; AND THEREFORE, SHOULD NOT HAVE BEEN REVERSED BY THE CIRCUIT COURT.
II. THE DECISION OF THE COMMISSION WAS BASED UPON SUBSTANTIAL EVIDENCE; AND THEREFORE, SHOULD NOT HAVE BEEN REVERSED BY THE CIRCUIT COURT.
¶ 2. Finding this appeal to be premature, we remand this case back to the circuit court.
FACTS
¶ 3. Will Earnest Hull was injured at work on July 13, 1993. Hull was employed by Park Inn International (employer), and his duties included primarily maintenance work involving lifting and carrying items over multiple floors. Hull was cleaning air-conditioning units and was attempting to back out a door while carrying an air-conditioning unit when the accident occurred. As a result of the accident, Hull strained his lower back.
¶4. Hull immediately contacted his supervisor, and he went home early. Hull attempted to return to work on July 14, 1995, but was unable to work and was sent home. Hull then began receiving treat *489 ment for his injuries and consulted a variety of doctors and specialists for his back pain. Hull again attempted to return to work on September 30, 1994 but was in pain and eventually sent home.
¶ 5. The employer and Service Industries Workers’ Compensation Trust (carrier) admitted the compensability of the injury and commenced temporary total disability benefits on July 14, 1993. Hull filed his petition to controvert on August 12, 1993. A hearing was held before the administrative law judge in which the parties stipulated that Hull reached maximum medical improvement January 6, 1995.
¶ 6. The administrative law judge issued his order on January 9, 1997. The order awarded Hull temporary total disability benefits beginning July 14, 1993 and ending January 6, 1995, less any sums already paid as temporary total disability benefits during that period. The order further awarded permanent partial disability for 450 weeks beginning January 7, 1995.
¶ 7. Hull appealed this order, and the employer/carrier cross-appealed. The matter came before the Mississippi Worker’s Compensation Commission on July 28, 1997. The Commission entered its order on October 14, 1997, affirming the award of temporary disability benefits but reversing the award for permanent disability benefits, based on fact that Hull made no efforts to find employment following his release to return to work on January 6, 1995. The order also denied employer/carrier’s motion to compel Hull to submit to a medical evaluation of their choosing. The order further denied Hull’s motion to allow additional evidence of his attempt to find employment.
¶ 8. Hull appealed the Commission’s order to the Circuit Court of Warren County. The circuit court affirmed the award of temporary disability benefits but reversed the Commission’s denial of Hull’s partial permanent disability claim. The circuit court ordered that Hull should have been allowed to introduce additional evidence of his attempts to secure employment and remanded the case back to the Commission to review the new evidence presented and rule on the merits of the claim for partial permanent disability benefits. Aggrieved, the employer/carrier has perfected this appeal.
ANALYSIS
I.
HULL’S MOTION TO ALLOW ADDITIONAL EVIDENCE WAS PROPERLY DENIED BY THE COMMISSION; AND THEREFORE, SHOULD NOT HAVE BEEN REVERSED BY THE CIRCUIT COURT.
II.
THE DECISION OF THE COMMISSION WAS BASED UPON SUBSTANTIAL EVIDENCE; AND THEREFORE, SHOULD NOT HAVE BEEN REVERSED BY THE CIRCUIT COURT.
¶ 9. The Commission’s order reads in pertinent part:
We have reviewed the record as well as the applicable law. There is in the end no problem to be found with the Judge’s award of benefits for temporary disability or with the award of medical services to include reimbursement for mileage expense incurred by the Claimant. We therefore agree with and affirm that part of the Final Order of. Administrative Judge.
On the issue of permanent disability, however, both the Claimant and the Administrative Judge have sidestepped a fundamental prerequisite to recovery. It is absolutely essential that a claimant such as Hull, after having been released for work, make reasonable efforts to find employment. Sardis Luggage Co. v. Wilson, 374 So.2d 826 (Miss.1979).
*490 In this case, Will Hull has woefully-failed to put forth any evidence which shows that he made reasonable efforts to return to his former employment or to find other employment since being released by his physician on January 6, 1995, the date both parties stipulated was the date Hull reached maximum medical improvement. This failure is, under the circumstances, a fatal error which unquestionably dooms his claims for permanent disability benefits. The Judge’s award of benefits for a 25% permanent loss of wage earning capacity is therefore reversed, and Hull’s claim for permanent disability benefits is dismissed accordingly.
[[Image here]]
Also pending before the Commission is the Claimant’s Motion to Allow Additional Evidence. Hull seeks to offer evidence which was generated after the hearing below to show that he finally has made some efforts at reemployment but without success. Hull also proposes to offer a vocational evaluation performed incident to a social security claim he commenced. The upshot of this proposed evidence is a much belated attempt by Hull to bolster his claim that he is totally disabled. We can find no satisfactory reason why relevant evidence in support of this claim was not produced to the administrative judge for consideration, and consequently we are obliged to deny this Motion.
The order of the circuit court reads in pertinent part:
The Court having reviewed the record as well as the applicable law affirms the Commission’s award of temporary disability benefits and of medical services to include reimbursement for mileage expense incurred by the Claimant.
However, in reviewing the issue of permanent disability benefits the Court must review whether the Commission’s findings were supported by substantial evidence and whether applicable law was applied to those facts.
The law as it relates to workers’ compensation cases, requires a claimant seeking permanent disability benefits to make out a prima facie showing that he is entitled to such a claim. To meet that burden the claimant must show, that after having reached maximum medical recovery, he reported back to work and the employer refused to reinstate or rehire him. Jordan v. Hercules, Inc., 600 So.2d 179, 183 (Miss.1992).
[[Image here]]
The Commission reversed the ruling of the Administrative Judge in part, because the Claimant did not present himself for work after January 6, 1995, the date of maximum medical recovery. The Commission places a strict procedural compliance interpretation on what is needed for the Complainant to show a prima facie case for permanent partial disability.... The Court hereby finds that the Claimant put forth sufficient evidence that he made a reasonable effort to return to his former employment on July 14, 1993, and again on September 30, 1994. That the Claimant’s physical limitations were the same on January 6, 1995 as they were in September 30, 1994 when he presented himself for work and was sent home by his employer, because he could not do the light work the employer had for him. Therefore the Commission’s denial of the Claimant’s partial permanent disability claim on procedural grounds is reversed.
The Commission also ruled that the Claimant failed to introduce evidence that there was no employment in the area, such that he could work and earn similar wages. The Commission made their ruling even though it did not allow Claimant to present such evidence to the Commission for their consideration.
Code Section 71-3-53 of the Mississippi Code allows the Commission to consider additional evidence of (1) change in condition, or (2) because of a mistake in determination of fact, prior to one year after the date of the rejection of a claim.
*491 This Court therefore remands this cause back to the Commission for its consideration of the additional evidence offered by the Claimant of a lack of jobs in the area of Claimant’s residence that paid similar wages pursuant to Section 71-3-53.
This evidence is to be considered with that offered by the employer of similar jobs in the area, that the employer alleges claimant can hold, and that pay similar wages.
The Court does not rule on the merits of the claim for partial permanent disability benefits, this decision is to be made by the Commission after reviewing the evidence presented pursuant to Code Section 71-3-53.
¶ 10. Our supreme court has held that in order to recover an award of permanent disability benefits “[t]he burden is on the claimant to prove both medical impairment and loss of wage earning capacity.” Lanterman v. Roadway Express, Inc., 608 So.2d 1340, 1347 (Miss.1992) (citations omitted). Pursuant to Miss.Code Ann. § 71 — 3—3(i) (Rev.1995) in order for a claimant to make out a prima facie case for a finding of permanent disability, the claimant must show that he has sought and been unable to find work “in the same or other employment.” Hale v. Ruleville Health Care Center, 687 So.2d 1221, 1226 (Miss.1997). Therefore, the claimant can make a prima facie case that he has met his burden of showing total disability by showing either that “the claimant, having reached maximum medical recovery, reports back to his employer for work, and the employer refuses to reinstate or rehire him,” Jordan v. Hercules, 600 So.2d 179, 183 (Miss.1992), or “the claimant could not obtain work in similar or other jobs.” Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 828 (Miss., 1991).
¶ 11. Once the prima facie case has been made “[t]he burden then shifts to the employer to prove a partial disability or that the employee has suffered no loss of wage earning capacity.” Jordan, 600 So.2d at 183. The employer also has the burden to prove that the claimant’s efforts to find “similar or other jobs” constituted a mere sham or unreasonable effort. Taplin, 586 So.2d at 828.
¶ 12. The Commission ruled that Hull failed to make out a prima facie case for permanent disability benefits with his two attempts to return to work both before maximum medical recovery, and further refused to allow him to present evidence of his attempt to find “similar or other employment.” The essence of the circuit court’s order is that the Commission abused it discretion in not allowing the additional evidence. Therefore, the circuit court remanded the case back for a determination of permanent disability benefits after reviewing the additional evidence.
¶ 13. We hold that this appeal is premature as our supreme court has held that appeals cannot be brought until a final order has been issued by the circuit court. Wilson v. Mississippi Employment Sec. Comm’n, 643 So.2d 538, 540 (Miss.1994). Since the circuit court’s order is interlocutory in nature, we dismiss this appeal without prejudice and direct the Mississippi Workers’ Compensation Commission to comply with the order of the Warren County Circuit Court. Id.
¶ 14. Once the Commission has made their decision, it is the prerogative of both parties to appeal the order of the Commission back to the circuit court. Should the Commission determine to give weight and deference to the additional evidence and award permanent disability benefits, the employer/carrier can appeal both the circuit court’s grant of the additional- evidence and the Commission’s decision to grant the award based on said evidence. Should the Commission decide to disregard or is unpersuaded by the additional evidence, Hull can appeal that decision.
¶ 15. ON THE COURT’S OWN MOTION THE APPEAL IN THIS MATTER IS DISMISSED WITHOUT PREJUDICE AND REMANDED TO THE *492 MISSISSIPPI WORKERS’ COMPENSATION COMMISSION FOR COMPLIANCE WITH THE ORDER OF THE WARREN COUNTY CIRCUIT COURT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.