743 So.2d 1059 (1999)
A.F. LEIS COMPANY, Northbrook Property and Casualty Insurance Company, Appellants,
v.
Daniel HARRELL, Appellee.
No. 1998-WC-01358-COA.
Court of Appeals of Mississippi.
June 8, 1999.
Betty B. Arinder, Jackson, Attorneys for Appellants.
Roderick D. Ward, III, Jackson, Attorney for Appellee.
*1060 BEFORE KING, P.J., BRIDGES, AND LEE, JJ.
KING, P.J., for the Court:
¶ 1. A.F. Leis Company and Northbrook Property and Casualty Insurance Company ("Leis") appeal the decision of the Circuit Court of Rankin County affirming the Mississippi Workers' Compensation Commission's award of temporary total disability benefits to the appellee, Daniel Harrell, in the amount of $138.95 per week for the period November 14, 1994 through October 16, 1995. From this ruling, Leis appeals and assigns the following point of error for review:
I. Whether the Mississippi Workers' Compensation Full Commission erred in finding that the appellee's November 1994 trampoline injury was not an intervening cause.
Finding no error, we affirm.

Facts
¶ 2. Daniel Harrell was hired by A.F. Leis Company on January 12, 1994. Six or seven days after his initial hire date, Harrell sustained an injury to his left knee while working in the scope and course of his employment. That evening, Harrell was seen by Dr. Eastland at Rankin County Hospital. The emergency room report indicated that effusion was present on Harrell's left knee. Following the initial emergency room visit, Harrell was seen by Dr. Thomas Forks on approximately seven occasions. Harrell returned to work on January 20, 1994, four days after sustaining the injury. At the time of the hearing before the administrative judge, no temporary total benefits had been paid on Harrell's January 1994 claim.
¶ 3. In November 1994, Harrell re-injured his left knee while jumping on a trampoline. Upon referral by Dr. Forks, Harrell was seen by Dr. Shelton. Harrell informed Dr. Shelton that he had injured his left knee while jumping on a trampoline and had sustained an earlier injury to that same knee. Dr. Shelton performed a CT scan of Harrell's left knee. From his interpretation of the CT scan, Dr. Shelton recommended that Harrell undergo surgery to his left knee. On November 30, 1994, Harrell underwent corrective surgery to his left knee.
¶ 4. Following the submission of his claim, Harrell received a letter that Leis would not pay for his surgery. Thereafter, Harrell retained counsel and filed a petition to controvert. This matter was heard by an administrative judge on June 24, 1996
¶ 5. On September 5, 1996, the administrative judge issued an order awarding Harrell temporary total disability benefits from November 14, 1994 to October 15, 1995. Leis appealed this order to the Mississippi Workers' Compensation Full Commission which affirmed and adopted the actions of the administrative judge. The Workers' Compensation Commission was affirmed on intermediate appeal to the Rankin County Circuit Court.

Standard of Review
¶ 6. Our standard for review of decisions of the Workers' Compensation Commission is limited to a determination of whether they are supported by substantial evidence. Marshall Durbin Companies. v. Warren, 633 So.2d 1006, 1009 (Miss.1994).
¶ 7. The Court of Appeals will not overturn a decision of the Workers' Compensation Commission unless it is based on a misapplication of law or it is unsupported by the clear facts presented in the case. Georgia Pacific v. Taplin, 586 So.2d 823, 826 (Miss.1991). This is true although the decision reached by the Workers' Compensation Commission may be different than one preferred by the reviewing court. Barnes v. Jones Lumber Co., 637 So.2d 867, 869 (Miss.1994); see also Mississippi Department of Environmental Quality v. Weems, 653 So.2d 266, 281 (Miss. 1995)("The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness.").

*1061 Discussion

¶ 8. Leis argues that the second injury Harrell sustained to his left knee was the result of an intervening cause which relieved it of liability. Leis contends that Harrell's November trampoline accident broke the causal connection between the January work related injury and his resultant disability.
¶ 9. "It is fundamental that the burden of proof of affirmative defenses rests squarely on the shoulders of the one who expects to avoid liability by that defense." Marshall Durbin, 633 So.2d at 1009. In this case, Leis had the burden of proving that the trampoline accident terminated the effect of the original accident Harrell sustained while in the scope and course of his employment with Leis. Kelly Brothers Contractors, Inc. v. Windham, 410 So.2d 1322, 1324 (Miss.1982).
¶ 10. Dr. Shelton indicated it was all but impossible to say within a reasonable degree of medical probability whether the January injury or the November injury precipitated Harrell's need for surgery. Dr. Shelton explained that the only conclusive way to determine whether the November injury aggravated the January injury or was an injury to a completely normal knee would have been the performance of a Lachman test. This test was not performed.
¶ 11. Although the Lachman test was not performed, there were facts available to Dr. Shelton which, nonetheless, connected the November injury to the January injury. Among those facts were the following: Harrell informed Dr. Shelton of having experienced episodes where his knee would "go out". In Dr. Shelton's opinion, these episodes of knee instability evidenced that the anterior cruciate ligament (ACL) had been torn in Harrell's left knee in January. Harrell's January 21, 1994 emergency room records reveal that he presented to the emergency room with a large effusion containing blood and swelling in his left knee.
¶ 12. These facts, in Dr. Shelton's opinion, made it more likely than not that Harrell tore the ACL in his left knee at the time of the original injury and that the second injury was simply a further aggravation of that original injury. In rendering this opinion, Dr. Shelton reiterated that the only conclusive proof of when Harrell's ACL was torn would have been the Lachman test results.
¶ 13. Leis offered no evidence in support of its contention that an intervening cause absolved it of liability for Harrell's claims. Proof of intervening causation is an affirmative defense. The record in this case is void of such proof.
¶ 14. We are mindful of the Mississippi Supreme Court's pronouncement in Marshall Durbin Companies v. Warren that workers' compensation law is to be liberally construed and that doubtful cases should be resolved in favor of compensation to fulfill the beneficent purposes of the act. Marshall Durbin Companies, 633 So.2d at 1010. Thus, we find no error in the Commission's finding that Harrell's November 1994 injury was an aggravation of the original injury which arose out of and in the scope of his employment with Leis.
¶ 15. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. A FIFTEEN PERCENT STATUTORY PENALTY AND ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.