PAYNE, J.,
dissenting:
¶ 29. I respectfully dissent. Cedeno argues that his imperfect command of the English language prevented him from properly reporting his injury despite his best efforts to do so. The majority finds that the administrative law judge and Full Commission adequately considered this obvious language barrier. After searching Mississippi case law, there are no precedents in this regard. Since this is a matter of first impression, the majority has correctly looked to similar cases from our sister states that are helpful in answering this question. Delta Pride Catfish, Inc. v. Home Ins. Co., et al., 697 So.2d 400, 404 (Miss.1997). However, I respectfully disagree with the majority’s application of these extra-jurisdictional cases to the case subjndice.
¶ 30. In Pruteanu v. Electro Core, Inc., 847 S.W.2d 203 (Mo.Ct.App.1993), the Missouri Court of Appeals affirmed the Missouri administrative authority’s findings that a non-English speaking worker sufficiently attempted to notify his employer of his back injury and his need for medical treatment such that the employer was on adequate notice of the back injury. Id. at 205. In that case, Pruteanu, the claimant, was of Romanian descent and injured his back and knee while lifting a part of a transformer onto a machine. Id. at 203. Claimant was treated by the company doctor for the leg injury. Pruteanu maintained that he told his supervisor that he hurt his leg when the pain in his back caused him to drop the transformer part. Id. Claimant testified that he “pointed to” his back and leg while in the company doctor’s office to show where he was experiencing pain. Id. Claimant returned to the company doctor on four other occasions for treatment of the leg injury but did not mention the back injury during those subsequent visits. Id. Claimant missed three days of work after the accident, but returned to work after that time period despite continuing back pain because of the large family he had to support. Id. Eventually, Pruteanu was diagnosed with a herniated disc and underwent surgery.[1] The majority correctly points out that this case is the appellate court’s affirming an administrative decision, but the administrative authority in Pruteanu gave full consideration to the language barrier. Here, I do not find equal consideration was given by the Full Commission.
¶ 31. In the case subjudice, the administrative law judge acknowledged in her *209 thorough opinion that Cedeno’s testimony was at times difficult to understand due to a language barrier. However, the administrative law judge indicated that through assistance of Cedeno’s counsel, Moran Hauling’s counsel, and Cedeno’s deposition testimony, Cedeno’s testimony was understood. This is acceptable to the majority. However, I find the administrative law judge did not address what effect, if any, Cedeno’s inartful command of the English language had on Cedeno’s relating the facts of his injury to his supervisor, coworkers, and the medical professionals from whom he sought treatment. Indeed, hastily finding Cedeno incredible without fully considering the alleged language barriers was inappropriate. Cedeno’s language skills may or may not have contributed to the inconsistencies in his testimony and to his alleged recitations to medical professionals and co-workers near the time of the injury. However, the Full Commission should have more fully explored this issue.
¶ 82. Of course, the oft-cited beneficent purpose of our workers’ compensation laws holds that doubtful eases should be resolved in favor of compensation. A.F. Leis Co., et al. v. Harrell, 743 So.2d 1059, 1061 (Miss.Ct.App.1999). There is no dispute as to whether Cedeno suffered a back injury. In full dispute, though, as the majority notes, is whether the injury was suffered or aggravated while Cedeno was in Moran Hauling’s employ. However, the administrative law judge found that since Cedeno did not seek medical attention until seven days after the incident resulting in his alleged back injury and that since Cedeno allegedly told the nurse practitioner he did not know why his back hurt or when it was hurt, but at the time of the hearing seven months later remembered everything related to the injury, then Cedeno’s testimony is incredible.
¶ 33. I am, too, troubled by the testimony elicited by Moran Hauling’s counsel on examination of Gaynelle Moran about Ms. Moran’s investigation into Cedeno’s work history and her discovery that apparently Cedeno suffered a prior back injury in his former employment at a local restaurant. The administrative law judge did not address the issue of a pre-existing injury, but limited her finding to note that Cedeno’s “current condition” was not the result of any work related injury suffered while in the employ of Moran Hauling. This Court has previously recited the burdens of proof in workers’ compensation cases. “[T]he claimant has the burden of proving by a ‘fair preponderance of the evidence’ the following elements: 1) an accidental injury, 2) that arose out of and during the course of and scope of claimant’s employment, and 3) a causal connection between the injury and the claimed disability.” Adams v. Lemuria, Inc. 738 So.2d 295 (¶ 9) (Miss.Ct.App.1999). If a pre-existing condition is claimed as a defense by an employer/carrier, once a work related injury is proven by the fair preponderance of the evidence, the burden of proof shifts to “the employer to prove his defense that present disability is due to some other intervening cause or preexisting condition for which he is not responsible.” Mississippi Prod. Inc. v. Skipworth, 238 Miss. 312, 319, 118 So.2d 345, 348 (1960).
¶ 34. Cedeno cannot deny the inconsistencies weighing against him in the record. However, these may be explained by the language barrier as set out above. Moreover, the employer/carrier has problems with their affirmative defense of a preexisting injury as no direct proof was presented supporting the defense. All we have in the record is innuendo from Gay-nelle Moran regarding her investigation of Cedeno’s claim. Further, the administrative law judge did not address the preexisting injury issue at all.
¶ 35. Given the beneficent purpose of the workers’ compensation statute, when in doubt, compensation is the rule. Cedeno claimed that he hurt his back while lifting a bookcase in the course and scope of his employment. Add to this Cedeno’s broken English and the fact that Cedeno says he *210 tried to tell George Tyler about his injury and Gaynelle Moran’s acknowledgment that she was aware of Cedeno’s back injury, it seems that the authorities below too hastily denied Cedeno compensation.
¶ 36. I would reverse and render the circuit court and remand for further action by the Full Commission.
KING, P.J., AND BRIDGES, J., JOIN THIS SEPARATE WRITTEN OPINION.

. The Pruteanu court relied on a 1967 Louisiana case which held that a similar language barrier experienced by another non-English speaking worker should not adversely impact his receipt of workers’ compensation. See generally Lavergne v. Francois, 205 So.2d 767, 769 (La.App.1967).