KING, C.J.,
for the Court.
¶ 1. Lane Furniture Industries, Inc. appeals the decision of the Circuit Court of Lee County affirming the Mississippi Workers’ Compensation Commission, which determined that Barbara Essary was entitled to permanent total disability benefits due to a work-related injury. Aggrieved by this decision, Lane Furniture raises the following issues which we quote verbatim:
I. The standard of review from a decision of the full Mississippi Workers’ *155 Compensation Commission requires an appellate court to review the decision of the commission as opposed to the administrative law judge where the commission enters its own findings of fact and conclusions of law.
II. An employer must refuse to reinstate or rehire a claimant in order for the injured worker to establish a prima facie case of total disability.
III. The Mississippi Workers’ Compensation Commission erred as a matter of law, when it held the claimant was entitled to a presumption of permanent total disability after the commission found the claimant failed to return to work with the employer.
IV. The Mississippi Workers’ Compensation Commission erred as a matter of law when it placed the burden of proof on the employer to contact the claimant regarding employment following her release from her doctor.
V. This Court should conduct a de novo review of the Mississippi Workers’ Compensation Commission’s findings of facts in light of applicable law, where the commission applied the improper legal standard.
VI. Assuming arguendo, this Court holds a Workers’ Compensation claimant can make a prima facie case for total disability without first reporting back to her employer for work, then substantial credible evidence does not support the Mississippi Workers’ Compensation Commission’s finding that the claimant made a reasonable or diligent job search attempt.
¶ 2. Finding error, we reverse and remand to the Commission.
FACTS
¶ 3. In February 1994, Essary was employed as a sewing machine operator by Lane Furniture (formerly known as “Action”). While working at the factory on June 14, 2000, Essary injured her back while lifting material. According to Es-sary, on that same day, she went to see Dr. Hubbard, the company physician. Es-sary indicated that Dr. Hubbard took x-rays and referred her to a physician by the name of Dr. Eckman. Essary was advised by the nurse practitioner at Dr. Eckman’s office to go home and rest for a week, after which she would be placed in physical therapy at the Aurora Spine Center. Es-sary stated that after the physical therapy sessions, her condition worsened.
¶ 4. Thereafter, Essary went to see Dr. Donald Smith, her family physician in Oko-lona. After a series of tests, it was determined that Essary had a herniated disk. Dr. Smith referred Essary to Dr. Craig Clark, a neurosurgeon, in Southaven.
¶ 5. Dr. Clark performed a costotran-sversectomy (microscopic surgery) on Es-sary on December 12, 2000. Dr. Clark concluded that Essary reached maximum medical improvement on March 30, 2001, and could return to work with restrictions as of April 15, 2001. Dr. Clark placed the following restrictions on Essary: (1) limited use of arms in extension, (2) weight limit of thirty pounds when lifting, pushing, or pulling, and (3) sit/stand for comfort. Dr. Clark indicated that Essary had sustained an impairment rating of sixteen percent to the body as a whole. Essary stated that Dr. Clark, in the presence of the company nurse, indicated that she could not perform her pre-injury job. Es-sary stated that upon being released by Dr. Clark, she carried the release form to Lane Furniture where she gave it to Jon Stembridge, the human resource manager. Thereafter, Lane Furniture did not contact Essary about returning to work.
¶ 6. Ms. Essary stated that she attempted to seek employment in the north Mis *156 sissippi area at various food places and furniture stores. She stated that she was able to put in applications at some of the prospective places. Essary indicated that some places would not allow her to complete applications once she told them that she had been injured on her previous job, was disabled, and could not lift anything.
¶ 7. In July 2002, approximately fifteen months after her release to return to work, Essary met with Lane Furniture’s vocational rehabilitation expert, Bruce Brawn-er. After consulting with Essary, Brawn-er identified several possible jobs which could be performed within her restrictions. Brawner indicated there were openings at Tico Credit, the Mississippi Job Service, and Citi Financial. Ms. Essary stated that she was told that Tico Credit was not hiring. She also indicated that clerical experience was needed for some of the jobs and that she did not possess those types of skills. According to Essary, there was no contact from any of the prospective employers.
¶ 8. Stembridge testified that he learned of Dr. Clark’s release of Essary to return to work on May 2, 2001, when he saw her in the lobby of the factory. Essary gave Stembridge the notes from Dr. Clark indicating that she would be at maximum medical improvement on March 30, 2001, and a note indicating the date she might return with certain restrictions, which was April 15, 2001.
¶ 9. Stembridge stated that the company’s policy is that once an employee has been released to return to work, the employee has a duty to advise the employer of the release and any restrictions. Stem-bridge indicated that the company could have accommodated Essary’s physical limitations by providing someone to assist her. Stembridge testified that the company had made accommodations for employees in similar circumstances.
¶ 10. Dr. Clark, in his deposition, stated that Essary should be able to return to work on a job that fit within the restrictions prescribed. He indicated that Lane Furniture would have to make a lot of accommodations if Essary returned to her pre-injury job.
¶ 11. On June 22, 2001, Essary filed a petition to controvert where she alleged that she was permanently disabled due to a back injury incurred at work on June 14, 2000. On August 21, 2002, a hearing was held before an administrative law judge on the sole issue of the “existence and extent of permanent disability attributable to the work-related injury.” The parties stipulated to the injury, wages, temporary benefits, and the date of maximum medical recovery.
¶ 12. On December 17, 2002, the administrative judge entered an order finding that Essary was permanently and totally disabled as a result of her work injury and was entitled to permanent total disability benefits. The administrative judge determined the following:
Considering those facts the Administrative Judge finds that Ms. Essary’s failure to attempt to return to work for the Employer was reasonable under the circumstances.
The real question in this case is whether an employer is likely to hire a sixty-two year old woman with limited education and a history of manual labor, who has had two back operations, who now has significant work restrictions, and who has been approved for social security disability. Ms. Essary’s extensive, but unsuccessful, job search indicated that the answer to that questions is “No,” and the Administrative Judge agrees.
The Administrative Judge, therefore, finds that Ms. Essary is permanently *157 and totally disabled and for that reason is entitled to permanent total disability benefits of $300.00 a week, beginning on the date of the injury, June 14, 2000, and continuing for 450 weeks. The Employer, of course, is entitled to credit for previously paid benefits.
¶ 13. On January 3, 2003, Lane Furniture entered a notice of appeal to the Full Commission. Following a hearing on August 11, 2003, the Commission, by a vote of two to one, affirmed the order of the administrative law judge. Commissioner Smith wrote the decision and Commissioner Quarles wrote a concurring opinion. Commissioner Schoby dissented with a written opinion.
¶ 14. On September 4, 2003, Lane Furniture entered a notice of appeal to the Circuit Court of Lee County which on April 21, 2004, sustained the order of the Full Commission. Lane Furniture now appeals that decision.
¶ 15. This Court finds issues II and IV to be dispositive of this matter and will therefore address them.
ISSUES AND ANALYSIS
Establishment of total disability.
¶ 16. Lane Furniture asserts that Essary failed to establish that she attempted to return to work and that her employer refused to reinstate or rehire her, and therefore has failed to establish an entitlement to total disability. A worker’s compensation claimant must demonstrate (1) that he is medically disabled and unable to work, and therefore need not seek employment, or (2) that he has presented himself to his employer for work, and the employer failed or refused to reinstate him. Hale v. Ruleville Health Care Center, 687 So.2d 1221, 1226 (Miss.1997); Lanterman v. Roadway Exp., Inc., 608 So.2d 1340, 1347 (Miss.1992). The burden does not rest with the employer to seek out the employee, and inquire as to whether he/she is interested in returning to work and if so, under what conditions.
¶ 17. The record presented to this Court clearly indicates that Essary did not present such proof of total medical incapacitation, as to eliminate the need to seek employment, nor did she present herself to Lane for reinstatement, and was refused employment. While we give deference to the decisions of the Commission, we do so only where those decisions are supported by substantial evidence, and are not inconsistent with the law. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). In the present case, the Commission’s decision is neither supported by substantial evidence, nor consistent with the law.
¶ 18. The facts contained in this record do not establish that Essary was totally medically incapacitated, or that she attempted to return to her prior employment and was denied reinstatement by Lane. Indeed the record appears to reflect that Essary had determined that she was disabled and merely went through the pretext of seeking other employment as noted by her testimony. Particularly relevant to this is the following testimony:
Q. Ms. Essary, since you were released from Dr. Clark, you basically feel like you’re disabled?
A. Yes, sir.
Q. In fact, in your job searches with the perspective employers, some of them you indicated you were disabled; did you not?
A. Yes, sir.
Q. And some of them you indicated that you were not able to lift anything; is that correct?
A. Yes, sir.
*158 Q. In fact, some of them you indicated your restrictions were far greater than what Dr. Clark stated; did you not?
A. No. I just told them I couldn’t reach, couldn’t lift.
¶ 19. Clearly by her testimony Essary had determined in her mind that she was disabled, and communicated this determination to prospective employers. By telling prospective employers that she was disabled, Essary made the failure to hire her due to disability a self-fulfilling prophecy. Essary now argues that not being employed by those prospective employers, to whom she had stated she was disabled, is proof of her disability. Such a claim is not indicative of a good faith effort at seeking employment. Nor can such a claim be considered as providing substantial evidence upon which to base a finding of disability.
¶ 20. Additionally, the Commission improperly placed upon Lane the burden of seeking Essary out to determine when and under what conditions she would return to work.
Our supreme court has held that in order to recover an award of permanent disability benefits “[t]he burden is on the claimant to prove both medical impairment and loss of wage earning capacity.” Lanterman v. Roadway Express, Inc., 608 So.2d 1340, 1347 (Miss.1992) (citations omitted). Pursuant to Miss.Code Ann. § 71-3-3(1) (Rev.1995) in order for a claimant to make out a prima facie case for a finding of permanent disability, the claimant must show that he has sought and been unable to find work “in the same or other employment.” Hale v. Ruleville Health Care Center, 687 So.2d 1221, 1226 (Miss.1997). Therefore, the claimant can make a pri-ma facie case that he has met his burden of showing total disability by showing either that “the claimant, having reached maximum medical recovery, reports back to his employer for work, and the employer refuses to reinstate or rehire him,” Jordan v. Hercules, 600 So.2d 179, 183 (Miss.1992), or “the claimant could not obtain work in similar or other jobs.” Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 828 (Miss.1991).
Once the prima facie case has been made “[t]he burden then shifts to the employer to prove a partial disability or that the employee has suffered no loss of wage earning capacity.” Jordan, 600 So.2d at 183. The employer also has the burden to prove that the claimant’s efforts to find “similar or other jobs” constituted a mere sham or unreasonable effort. Taplin, 586 So.2d at 828.
Park Inn Int’l v. Hull, 739 So.2d 487 (¶¶ 10-11) (Miss.Ct.App.1999).
¶ 21. On cross-examination, Essary testified that she never attempted to go back to work at Lane Furniture (Action). She indicated that Lane Furniture failed to contact her for the purpose of returning to work or accommodating her restrictions as well.
¶ 22. The record reflects that Stem-bridge, the human resource manager, indicated that Essary would have been accommodated had she returned to work and that the company policy required that Es-sary notify the company of her date of release from the doctor to return to work. Stembridge testified that Lane Furniture had made accommodations for other employees under similar circumstances in the past.
¶ 23. In Marshall Durbin, Inc. v. Hall, 490 So.2d 877, 880 (Miss.1986), a claimant who was described as having a thirty percent disability to the body as a whole, and whose physical impairment due to the work-related injury was less than total, *159 was awarded permanent total disability benefits. However, that claimant attempted to secure re-employment with the company, but was rejected. Essary admitted that she did not attempt to return to work at Lane. Essary indicated that she sought other employment because she was unaware of another job which she could perform at Lane. However, she did not establish (1) that she was medically unable to return to Lane, so as not to require that she seek re-employment there, (2) that any restrictions placed upon her employment were not subject to reasonable accommodation at Lane, (3) that Lane failed or refused to re-employ her, and (4) that considering any restrictions, she made reasonable efforts to seek similar or other employment.
¶ 24. This Court finds that the Commission’s decision, that Essary was totally disabled, as shown by her inability to find employment, was not supported by substantial evidence. This Court also finds that the Commission improperly placed upon Lane the burden of seeking Essary out to determine when she could return to work, and if so, under what circumstances.
¶ 25. Accordingly, we reverse and remand this matter to the Commission to determine (1) whether Essary was medically unable to return to Lane, so as to not require that she seek re-employment there, (2) whether or not any restrictions placed upon Essary’s employment were subject to accommodation at Lane, and (3) whether considering any restrictions placed upon her employment, Essary made reasonable efforts to seek similar or other employment.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS REVERSED AND THE CASE IS REMANDED TO THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. THE COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLANT AND THE APPELLEE.
IRVING, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES AND LEE, P.JJ., AND MYERS, J.