382 So.2d 469 (1980)
Don BENNETT
v.
UNITED PARCEL SERVICE and Liberty Mutual Insurance Company.
No. 51761.
Supreme Court of Mississippi.
April 2, 1980.
Rehearing Denied May 7, 1980.
Walker, Brookins & Walker, John L. Walker, Jackson, for appellant.
Daniel, Coker, Horton, Bell & Dukes, James F. Steel, Jackson, for appellees.
Before PATTERSON, C.J., and BROOM and COFER, JJ.
COFER, Justice, for the Court:
This cause is here on appeal from a decision of the Circuit Court of the First Judicial *470 District of Hinds County, Mississippi, reversing, in substantial part, the Mississippi Workmen's Compensation Commission. Don Bennett, the employee, is appellant, and United Parcel Service, the employer, and Liberty Mutual Insurance Company, the employer's insurance carrier, are the appellees and cross appellants.
On April 18, 1975, appellant, who had been appellee United Parcel Service's employee since 1971, fell from a step on the employer's van while unloading a parcel which he was delivering. He suffered a back injury involving a low lumbar vertebra and a high sacrum vertebra in his spine.
On April 22, 1975, he was examined by Dr. McCraney, who treated him several times thereafter. Dr. McCraney earlier considered that appellant had aggravated or exacerbated a pre-existing spondylolysis, defined as the dissolution of a vertebra, which had resulted in a spondylolisthesis, described as the "forward displacement of one vertebra over another, usually of the fifth lumbar over the body of the sacrum, or of the fourth lumbar over the fifth." Dorland, W.A., American Illustrated Medical Dictionary (22nd ed. 1951).
Neither Dr. McCraney nor Dr. Derian, who examined the employee some six months after the fall, could make a conclusive finding that the result of the fall was an aggravation of a pre-existing infirmity or that it was caused initially by the fall. Each of these specialists admitted that only by examination of an x-ray taken before the fall (which seems to be non-existent) could a conclusive finding be made as to whether the infirmity pre-existed the fall. Dr. McCraney was of the opinion from his first examination, that the condition pre-existed the fall and injury and was aggravated by it, an opinion at which he arrived from his familiarity with such cases and his examination of the employee and x-rays of him. He conveyed this information to the employer in a letter dated April 28, 1975.
In Dr. McCraney's first deposition, taken on April 12, 1976, he was confronted with a letter he had written on January 9, 1976, wherein he had expressed the opinion that the employee had reached maximum medical recovery on December 30, 1975.
After the hearing in several segments, the Administrative Judge entered an order on August 31, 1976, with findings, among others, that the employee had not then reached maximum medical improvement; that he had been temporarily and totally disabled from the fall from April 18, 1975 to November 17, 1975, (date when he went to work for another employer); that he was in need of further treatment and possibly surgery; and that it was then too early to determine his permanent disability, wage earning capacity, and related matters.
The employee requested a review by the full commission, assigning as grounds for the request, his claimed errors, in finding that maximum medical recovery had not taken place; in finding that decision on the permanency of his disability and of his wage earning capacity would be premature; and in his failure to find that the employee had sustained a 47.58 per cent permanent disability and/or loss of wage earning capacity.
The full commission, in an order dated May 23, 1977, found maximum medical recovery had not taken place, and until such maximum medical recovery or until he shall have regained part or all of his former wage earning ability, he would be paid on the basis of temporary partial disability.
From the commission's determination appellees appealed to the circuit court, but, on their motion, the appeal was dismissed with prejudice on October 13, 1977.
On December 9, 1977, appellees moved the commission to reopen the cause for further testimony, exhibiting a copy of a letter from Dr. McCraney dated November 28, 1977, stating that the employee reached maximum medical recovery on December 30, 1975.
The commission reopened and referred the case to the administrative judge for further proof on the ground of mistake as to whether maximum medical recovery had been attained, and, if so, when, and as to whether the employee suffers any resulting disability.
*471 Further hearing was had, largely consisting of another deposition of Dr. McCraney, and a stipulation, contents of which do not bear upon the issues here, after which the administrative judge, in an order dated June 6, 1978, found that the employee reached maximum medical recovery on December 30, 1975; that he suffered a permanent partial disability of five percent to his body as a whole; that he had a pre-existing condition responsible for 80 percent of the loss of his wage earning capacity, and that his direct loss of wage earning capacity amounted to $24 per week, and that he be paid $16 per week for 450 weeks.
The employee sought and obtained a review by the full commission, attacking the administrative judge's findings.
The commission reviewed the record, and amended the order from which the appeal was taken as to the formula used to arrive at the amount of the award, affirming his findings, however, as to the date of maximum medical recovery and as to the pre-existing condition, and as to the application of a 20 percent loss of earning ability attributable to the April 18, 1975, fall after attributing 80 percent thereof to the pre-existing condition.
This order is dated March 6, 1979. Therefrom, the employee appealed to the circuit court, where, on June 18, 1979, the circuit court rendered an opinion which was made a part of its order dated June 27, 1979.
The court held that the May 23, 1977, order of the commission was the law of the case and governed from then on and agreed with the administrative judge and the commission in their findings as to the employee's pre-existing infirmity, but held that the record does not furnish sufficient factual basis for application of apportionment. The court remanded the case to the commission for further consideration of maximum medical recovery in accordance with the law of the case, and for a more definitive determination of what the pre-existing condition is, if it exists, and whether apportionment is proper in the case.
Appellant has assigned five errors:
I. The circuit court erred in affirming the finding of the Workmen's Compensation Commission that claimant had a pre-existing condition of bilateral spondylolysis and spondylolisthesis of L-5 on S-1 since said finding of the Commission was contrary to the "law of the case" herein and not based upon substantial evidence.
II. The circuit court after correctly holding that the "law of the case" is applicable herein and correctly reversing the finding of the commission as to claimant's date of maximum medical recovery, committed error by remanding to the commission for determination of the date on which claimant reached maximum medical recovery. Instead, the circuit court should have found that under the "law of the case" herein, claimant has failed to reach maximum medical recovery.
III. The circuit court correctly reversed the finding of the commission that apportionment is not applicable herein; however, this circuit court committed error by remanding to the commission to determine what type of pre-existing condition, if any, from which claimant suffered and whether claimant's pre-existing condition, if any, was of such a nature that apportionment should apply. Instead, the circuit court should have found that claimant did not suffer from a pre-existing condition and apportionment was therefore not applicable.
IV. The circuit court erred since it failed to order the appellees to pay unto claimant permanent partial disability payments in the amount of $75.37 weekly.
V. The circuit court erred in remanding to the commission the issues of pre-existing condition and apportionment since the record herein shows that apportionment is not applicable since claimant prior to sustaining his accidental injury of April 18, 1975, had "functional ability" as to his back and claimant's pre-existing condition, if any, was congenital in nature.
*472 The employer and the carrier assigned an error on cross appeal:
The circuit court erred in reversing the full commission's apportionment of permanent partial benefits due the appellant and cross-appellee, Don Bennett.
An initial argument of appellant, the employee, is that the trier of fact, the commission, was bound to its May 23, 1977, findings as to appellant's maximum medical recovery, and that, instead of remanding the case to the commission for further inquiry into the date of maximum medical recovery, the court should have found, under the law of the case, that there had been no maximum medical recovery, and further that the court should have found that appellant had no pre-existing condition, and therefore, apportionment is not applicable.
Considerable detail has been set out herein in order to afford a clear view of the threshold issue as to the bearing of the May 23, 1977, order of the commission. Appellant relies upon Consumer Discount Store v. Warren, 221 So.2d 112 (Miss. 1969), a workmen's compensation case, wherein it was held that an earlier decision of this Court was the law of the case in its remand for further testimony, if any, on an issue, and there was no further testimony.
We do not consider that the principle of law of the case or res judicata applies here.
Mississippi Code Annotated, section 71-3-53 (1972), authorizes the commission, on its own initiative, or upon application of any party in interest, to review a compensation case to inquire as to whether there has been a change in conditions or if there was a mistake in a determination of fact. As pointed out by Mr. Dunn in his Mississippi Workmen's Compensation, section 336, (2d ed. 1967), the commission has continuing jurisdiction, within limits, to reopen a case in the doing of which it will not be reversed unless its discretion has been abused.
While here it is apparent that the commission based its determination to reopen upon Dr. McCraney's letter of November 28, 1977, as noticed above, we do not consider his conclusion therein contained to be newly discovered evidence. He had been cross examined about this December 30, 1975, date when maximum medical recovery had been reached, and Dr. Derian, who examined appellant one time, October 23, 1975, testified that by the date of that examination appellant had attained maximum medical recovery. The record thus established the injection of the question of his recovery into the earlier hearings upon which the administrative judge made his order of August 31, 1977. Finding in these orders that maximum medical recovery had not been reached the commission could easily have based its decision to reopen on the record earlier made, without resorting to Dr. McCraney's letter dated November 28, 1977. A determination of that question was one for the trier of fact, and, whether based exclusively on the record made prior to the May 23, 1977, order or upon that testimony plus that given by Dr. McCraney in his second deposition, we cannot say the decision was erroneous, or that, prior to the decision now before this Court, the commission abused its sound discretion in reopening for review of the inquiry as to whether, and if so when, maximum medical recovery had been made.
The order of May 23, 1977, upon which appellant relies as the law of the case, found maximum medical recovery had not been attained, that there was remaining then temporary partial disability for which compensation was ordered made, subject to adjustment, and that medical expenses thereafter incurred would be paid. Appellees argue with plausibility that this order anticipated further examination into its contents.
We conclude that there was sufficient proof in the record substantially supporting the finding now before us as to maximum medical recovery; that it was a question of fact for the commission's decision, and that, in the review which led to that decision, the commission soundly exercised the discretion vested in it.
It is argued by appellant that the commission, by its May 23, 1977, order, found that appellant's condition  spondylolysis and spondylolisthesis  resulted from the April 18, 1975, fall, and that its later *473 finding that there was the pre-existing infirmity is contrary to, and not permitted by, the earlier findings which are the law of the case.
We do not believe that the order of the commission dated May 23, 1977, or the administrative judge's order reviewed by the commission in its May 23, 1977, order, made findings as to the injury which precluded their findings and judgments now before us as to pre-existing infirmity and apportionment because of such pre-existing conditions.
Section 71-3-7, Mississippi Code Annotated (1972), governs apportionments between the injury and a pre-existing malady. While it does not preclude an early determination of a contributing pre-existing infirmity, it only requires that there be no application of apportionment until maximum medical recovery shall have been reached.
Section 71-3-7 provides in part:
Where a preexisting physical handicap, disease, or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such preexisting physical handicap, disease, or lesion contributed to the production of the results following the injury.
The words "results following the injury" in the above quotation were examined in Sanders v. Walker Construction Co., 251 Miss. 352, 169 So.2d 803 (1964), and this Court said as to them:
The noun, "results", is defined as "a synoptic publication of the outcome of related competitive events." Webster's Third New International Dictionary, page 1937 (1961).
Such "results following the injury" cannot be determined until hospitalization and such surgical or medical treatment, or both, have been concluded, and competent medical authority is in position to say that these services have been rendered in accordance with good medicine. Thus, it is only at that time that the commission can reasonably entertain the question of an apportionment.
Consequently, at that time, if, on a hearing, the commission is satisfied and can reasonably determine from the evidence, confirmed by medical finding, the proportion of the handicap, disease or lesion to the production of the results following the injury, it then becomes its duty to do so. In the meantime, from the date of the accidental injury, the employer and its insurer must pay to the claimant the weekly wage benefit, as required by the statute, beginning on the fourteenth day following the injury until the order of apportionment has been made. Any other construction would be unreasonable and nullify the salutory provisions of the Act. Since the Legislature did not provide that the apportionment be made at an earlier date, it is evident that it had no such intention. (251 Miss. at 362, 363, 169 So.2d at 807).
The commission's order of May 23, 1977, in effect until changed after the subsequent hearing, found that maximum medical recovery had not been reached. Therefore, although a finding that there was a contributing pre-existing malady might have been made, the Commission may not be found in default for its failure to make the finding earlier.
The administrative judge, in his order dated June 6, 1978, found that appellant had a pre-existing condition of bilateral spondylolysis and spondylolisthesis, and that this pre-existing condition contributed 80 percent of the loss of wage earning capacity of appellant. These findings were affirmed on review by the commission.
Whether this spinal condition pre-existed the fall of April 18, 1975, and was aggravated by it, or whether it was caused by that fall was not free of difficulty to Drs. Derian and McCraney. Dr. McCraney called into play his experience with such troubles, x-rays of appellant, and his study of appellant's condition, from which he arrived at the definite opinion that the infirmity pre-existed and contributed to the results of the April 18, 1975, injury. While he did not call *474 them "findings" as the term "medical findings" is used in section 71-3-7, his opinions amount to medical findings in his testimony.
The finding of the pre-existing infirmity is based upon substantial, although not conclusive, evidence; is clearly and definitely set forth in the findings of the administrative judge and affirmed by the commission, and we see no need for a remand to the Commission.
Next in this consideration is the inquiry, answered in the affirmative by the commission, as to whether the pre-existing condition, aggravated by the fall of appellant, was a "material contributing factor in the results following injury," requiring apportionment of the compensation payable to appellant. The administrative judge and the commission were of the opinion that it was such a condition. We agree.
The circuit court erred in finding that the pre-existing condition, whatever it was from the record, was not an apportionable one. The court quoted from Evans v. Continental Grain Company, 372 So.2d 265 (Miss. 1979), to the effect that a degenerative condition normally accompanying age is not a pre-existing condition within the meaning of the apportionment statute.
The condition of the vertebra comes within the apportionment provision of "physical handicap, disease, or lesion," established by medical findings, and was properly considered and evaluated for purposes of apportionment.
In Gray v. Poloron Products of Mississippi, 347 So.2d 363 (Miss. 1977), the appellee employed the defense, among others, that pre-existing injury materially contributed to appellant's injury results, and there was proof that a spondylolysis condition may have existed in appellant's spine. A judgment unfavorable to the appellant was reversed and rendered, and the cause was remanded "for the purpose of determining questions of total disability, permanent partial disability, if any, and apportionment, if any." (347 So.2d at 366).
Thus, we conclude that the commission correctly determined the date of maximum medical recovery (after hearings on review warranted under the law); correctly and sufficiently clearly found the pre-existing condition which was aggravated or exacerbated by the fall; that apportionment was proper under the statute, and was correct.
The commission's order here on appeal is found to be correct, and the circuit court erred in its reversal thereof.
The circuit court is reversed and the commission's order is reinstated.
REVERSED AND ORDER OF COMMISSION REINSTATED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.