604 So.2d 223 (1992)
FREEMAN TRUCK LINE, INC.
v.
MERCHANTS TRUCK LINE, INC., Shippers Express, Inc. and AAA Cooper Transportation, Inc.
No. 07-CC-59380.
Supreme Court of Mississippi.
May 13, 1992.
Rehearing Denied August 12, 1992.
Douglas C. Wynn, Wynn & Mitchell, Greenville, for appellant.
John A. Crawford, Butler Snow O'Mara Stevens & Cannada, Harold D. Miller, Jr., Butler Snow Firm, Jackson, for appellee.
Before DAN M. LEE, P.J., BANKS and McRAE, JJ.
McRAE, Justice, for the court:
Freeman Truck Line, Inc. (hereinafter Freeman) filed an application for intrastate transport authority with the Public Service Commission of Mississippi (hereinafter Commission) on October 27, 1986. Merchants Truck Line, Inc., Shippers Express, Inc. and AAA Cooper Transportation, Inc. (collectively, Merchants) protested the application. The Commission granted Freeman's petition, and Merchants appealed to the Circuit Court of Hinds County. The circuit court reversed and remanded for further findings. Freeman implores this Court to review the circuit court's reversal order. The appeal, interlocutory in nature, is not properly before us. We therefore dismiss the appeal without prejudice.

I.
Freeman began its operations in 1943 as a distribution carrier interchanging freight originating in or destined to various points in north central Mississippi. Freeman asked the Commission to grant its application because it held interstate authority to serve all points in Mississippi and its delineation from intrastate authority was confusing and had caused problems with drivers and customers. These problems arose primarily in the Jackson and Memphis break-bulk terminals when a shipper would deliver both interstate shipments which it could serve and intrastate shipments, some of which Freeman could not serve.
Ten public witnesses supported Freeman's application including Yancy Delapp, general manager and vice-president of Acme Frame Products in Tutwiler, Mississippi. Acme employs approximately one hundred people and manufactures picture frames. Delapp testified that the carriers serving Acme were Shippers, Merchants and Freeman and out of the three, Freeman gave them the best service. Additionally, he stated that he would recommend Freeman to its customers and would also use Freeman for all shipments throughout the state if the application were granted.
During the testimony of Larry Kerr, president of Shippers, the following transpired:

*224 BY VICE CHMN HAVENS: Mr. Kerr, you've been present at this Commission on several hearings pertaining to applications for intra authority, haven't you?
BY THE WITNESS: Yes, sir.
BY VICE CHMN HAVENS: Have you noticed or has it been brought to your attention that a lot of the witnesses are the same witnesses that participate in every case?
BY THE WITNESS: Yes, sir.
.....
BY VICE CHMN HAVENS: Let me ask you this: Have you ever been under the impression that some of them are turning into professional witnesses?
BY THE WITNESS: Yes, sir... .
.....
BY CMR SNYDER: Mr. Chairman, talking about that professional witness now. What about these that you see that call you at home that see you when you go around in your district and they tell you that they need this service? ... I can just name you number and number and in fact I've got letters in my office. Now why are these people contacting me as their Commissioner wanting this service? Why Mr. Johnson, for instance, in Eupora and I can just  I can name them over and over.
.....
BY CMR SNYDER: They're not professional witnesses and they don't come  they haven't been down here.
.....
BY CMR SNYDER: Well, they told me pretty doggone straight that they were having problems and they relayed it to me. Now I'm just 
.....
BY CMR SNYDER: As far as this, I'm doing what I'm thinking I'm supposed to do and listening to those people in my district and I'm going to listen to them, but they're not professional witnesses.
At the close of the hearing, the Commission authorized Freeman:
TO OPERATE AS A RESTRICTED COMMON CARRIER, INTRASTATE, BY MOTOR VEHICLE, TRANSPORTING GENERAL COMMODITIES (EXCEPT CLASSES A & B EXPLOSIVES, HOUSEHOLD GOODS AND COMMODITIES IN BULK) BETWEEN ALL POINTS AND PLACES OVER IRREGULAR ROUTES WITHIN THE STATE OF MISSISSIPPI.
On appeal, the circuit court reversed the Commission's Amended Order and stated the following:
[I]t is the opinion of the Court that the findings of fact are not against the overwhelming weight of the evidence, but that the cause must be reversed and remanded to the Commission for further hearing to determine the extent of the matters outside the record utilized in reaching a decision in the matter, and for further hearings during which the parties will be allowed to respond to it, and for further determination of the Commission whether to grant or deny the application after hearing any new evidence.

II.
At issue here is the Commission's alleged consideration of extrinsic evidence, consisting of sixty-three letters, evidenced by Commissioner Snyder's comments set out supra. Freeman/Appellant and Merchants/Cross-Appellants both cite several issues; however, because we find this case to be improperly before this Court, we only address its procedural posture.
The appeal to the circuit court was from a final order of the Public Service Commission and thus proper. See Miss. Code Ann. § 77-1-45. The appeal from the circuit to this Court, however, was interlocutory. An order is interlocutory when "the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action." 2 Am.Jur.2d Administrative Law § 585 (1962).
In Leathers v. Tupelo Coffee Co., 423 So.2d 122 (Miss. 1982), we were called upon to review a circuit court order which remanded a case to the Workmen's Compensation *225 Commission for further findings. We held:
[T]he Court is of the opinion that the last circuit court order ... was not a final order. It is interlocutory in nature. A remand to the Mississippi Workmen's Compensation Commission for determination of unresolved issues was ordered by the circuit court. A determination of these issues will avoid piecemeal appeals and promote the judicial efficiency for the parties and the Court. Therefore, the Court grants the motion to dismiss the appeal in this cause and preserves the rights of all parties to raise any issues addressed... . Remand of this case to the Mississippi Workmen's Compensation Commission is ordered with directions to comply with the circuit court order.
Leathers, 423 So.2d at 123.
As in Leathers, Freeman's appeal runs counter to the interests of judicial efficiency. The matter involves questions of fact which can only be resolved on remand to the Commission. In addition, the instant case is not properly before us since the trial court did not grant, nor did Freeman request, an interlocutory appeal pursuant to the technical requirements of Sup. Ct.R. 5(a). We dismiss the appeal without prejudice and direct the Commission to comply with the circuit court's order.
APPEAL DISMISSED WITHOUT PREJUDICE AND CAUSE REMANDED TO THE MISSISSIPPI PUBLIC SERVICE COMMISSION FOR FURTHER PROCEEDINGS.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.