643 So.2d 538 (1994)
Larry George WILSON
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Foodmax c/o Bruno's.
No. 94-TS-0264.
Supreme Court of Mississippi.
September 29, 1994.
*539 James A. Williams, Meridian, for appellant.
Jan D. Garrick, Jackson, for appellee.
Before HAWKINS, C.J., and SULLIVAN and McRAE, JJ.

ON MOTION TO DISMISS APPEAL
SULLIVAN, Justice, for the Court:
On February 22, 1994, the Lauderdale County Circuit Court remanded the present case to the Mississippi Employment Security Commission's Board of Review for a hearing de novo. The circuit court found the record insufficient to make a decision as the employer, Foodmax, failed to produce evidence to support the precise grounds for the discharge of Larry George Wilson.
Wilson appealed the decision of the circuit court to this Court by notice filed on or about March 17, 1994. The Mississippi Employment Security Commission filed a motion to dismiss the appeal, stating the February 22, 1994, order was not final and also that Wilson made no attempt to secure an interlocutory appeal as provided by Rule 5 of the Mississippi Supreme Court Rules. A brief history of the case law concerning appeals from state administrative agency hearings appears to be in order.
In L.B. Priester & Son, Inc. v. Bynum, 244 Miss. 185, 137 So.2d 907, 908 (1962), a widow appealed dismissal of her claim by the Workmen's Compensation Commission to the circuit court, which reversed and remanded to the Commission to allow the employer and carrier to present evidence before any final determination was attempted. The employer and insurance carrier appealed the order of the circuit court to the Supreme Court. The claimant filed a motion to dismiss the appeal, arguing the order of the circuit court was not a final judgment.
This Court noted there was a statutory right of appeal from the circuit court to the Supreme Court from "any final judgment," and interlocutory appeals from circuit court were not permitted by statute. The circuit court was considered an intermediate court of appeals in cases originating before the Workmen's Compensation Commission. The judgment of the circuit court was considered final when it fully disposed of the appeal and nothing remained to be done in that court. In Priester the judgment of the circuit court was held "final and appealable" after reversal of the Commission's decision to dismiss the claim and remand of the case to the Commission.
For twenty years Priester was the law on appeals from state agencies and then came Leathers v. Tupelo Coffee Co., 423 So.2d 122 (Miss. 1982). On January 27, 1982, the Lee County Circuit Court remanded an appeal from the Mississippi Workmen's Compensation Commission for determinations on certain issues. The appellees (employer/insurance carrier) sought dismissal of the appeal on the ground it was not perfected within the statutory period. Leathers filed a motion to hold the appeal in abeyance while a decision was made on his request for a writ of mandamus instructing the circuit clerk to enroll a judgment in his favor. The court refrained from acting on both motions until a determination was made on the mandamus issue, in effect granting Leather's motion. The request for the writ was subsequently denied and the court sustained the motion.
The motion to dismiss was granted, but without prejudice to either party. This Court found the January 27, 1982, order was interlocutory in nature and not a final order. Without citing any authority, Priester was apparently overruled, although this was never explicitly stated, and it was now possible to appeal from something other than a final *540 order. The case was remanded directly to the Commission for action in accordance with the January 27, 1982, order. Remand for determination of certain issues would avoid "piecemeal appeals" and promote judicial efficiency.
In Sonford Products Corp. v. Freels, 495 So.2d 468, 471 (Miss. 1986), the Workers' Compensation Commission remanded a case to the administrative judge for further hearing and the employer appealed to the circuit court. The order of remand by the circuit court was determined to be interlocutory and therefore the employer's appeal was also found to be interlocutory. The court recognized that interlocutory appeals were not previously permitted from the circuit court but, citing Kilgore v. Barnes, 490 So.2d 895 (Miss. 1986), stated that such appeals may be allowed in exceptional circumstances as when an important principle of law may be settled or ultimate determination of the case is advanced. Appeals were now allowed from interlocutory circuit court orders in contradiction to general statutory requirements that administrative appeals be made only from a final order. (Workers' Compensation appeal: Miss. Code Ann. § 71-3-51; Unemployment Compensation appeal: Miss. Code Ann. § 71-5-531; Public Service Commission appeal: Miss. Code Ann. § 77-1-45).
Bickham v. Department of Mental Health, 592 So.2d 96 (Miss. 1991), overruled Sonford. Bickham dealt with two separate cases that were consolidated to address the issue of appeals from interlocutory orders of the Workers' Compensation Commission. The decision stated there was no right of appeal from anything other than a final order of the Commission as provided for in Miss. Code Ann. § 71-3-51. This Court explicitly stated the decision in Sonford allowing appeals from interlocutory orders was in error and the holding to that effect was overruled. Both appeals were dismissed and the causes remanded to the Commission.
Some confusion over the subject of appeals from interlocutory orders may have been engendered by the decision in Freeman Truck Line v. Merchants Truck Line, 604 So.2d 223 (Miss. 1992). Freeman filed an application for intrastate transport authority with the Public Service Commission of Mississippi which was protested by Merchants along with several other transportation companies. After the Commission granted Freeman's petition, Merchants appealed to the Circuit Court of Hinds County which reversed and remanded for further findings. Freeman petitioned for review of the circuit court's order.
This Court recognized that Freeman's appeal was interlocutory in nature and therefore not properly before us. However, this Court went on to add the appeal was not properly before us as the trial court did not grant, nor did Freeman request, an interlocutory appeal as required by Miss.Sup.Ct.R. 5(a). This statement was in error. The fact that the circuit court had not issued a final order was the reason the appeal could not be brought at that time and in no event would an appeal from an interlocutory order be allowed. The appeal was properly dismissed without prejudice and remanded to the Mississippi Public Service Commission, but only because the appeal was not from a final order. Any language discussing the procedures necessary to appeal an interlocutory order from circuit court should be disregarded as such an appeal will not be allowed.
As stated in Bickham and reiterated here, appeals from state administrative agency hearings are controlled by statute and will only be allowed after entry of a final order. Therefore, the appeal in the present case is not properly before this Court as the order of the circuit court was interlocutory in nature and not a final order. We dismiss the appeal without prejudice and direct the Mississippi Employment Security Commission to comply with the order of the Lauderdale County Circuit Court.
APPEAL DISMISSED WITHOUT PREJUDICE AND CAUSE REMANDED TO THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION FOR FURTHER PROCEEDINGS.
HAWKINS, C.J., DAN M. LEE, P.J., and PITTMAN, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.
BANKS, J., concurs in result only.
*541 PRATHER, P.J., concurs in part and dissents in part with separate written opinion joined by SMITH, J.
BANKS, J., concurs in part by separate written opinion.
PRATHER, Presiding Justice, concurring in part; dissenting in part:
I concur in the results only of the majority opinion to remand the case to the Mississippi Employment Commission for further proceeding where the record is insufficient to make an appellate decision.
I respectfully dissent to the analysis of our case law concerning appeals from state administrative agency hearings, and readopt the dissenting position as stated in Bickham v. Dept. of Mental Health, 592 So.2d 96 (Miss. 1991) (Robertson, J. Dissenting).
SMITH, J., joins this opinion.
BANKS, Justice, concurring in part and concurring in the result:
I concur with the result reached by the majority. I write separately to note my disagreement with its pronouncement regarding the availability of Rule 5 procedures in these premises. Miss.S.Ct.R. 5.
I agree that we should not hear appeals which are interlocutory within an administrative agency's decision processes. Bickham v. Department of Mental Health, 592 So.2d 96 (Miss. 1991). This is a matter of separation of powers. In my view, however, the interlocutory nature of a circuit court order is within our power. Thus, our Rule 5 should apply where the circuit court has obtained jurisdiction pursuant to the statutory scheme for appeals from the particular agency. In rare circumstances, Rule 5 criteria may be met in instances such as this and I would not categorically foreclose such appeals.
In summary, I fully agree that L.B. Priester & Son, Inc., 244 Miss. 185, 137 So.2d 907 (1962), should be explicitly overruled. I agree with the Bickham holding that interlocutory decisions of administrative agencies may not be appealed absent constitutional statutory authority. I also agree, however, with the Freeman Truck Line v. Merchants Truck Line, 604 So.2d 223 (Miss. 1992) opinion regarding compliance with Rule 5 in appeals such as the instant one, involving interlocutory orders of the circuit court remanding matters to administrative agencies. I would not, as the majority does, deem the Freeman formulation as erroneous.