765 So.2d 580 (2000)
J.R. LOGGING and Mississippi Forest Related Workers Compensation, Appellants,
v.
Donald HALFORD, Appellee.
No. 1999-WC-00335-COA.
Court of Appeals of Mississippi.
May 9, 2000.
Rehearing Denied August 22, 2000.
*582 Joseph W. McDowell, Ridgeland, Attorney for Appellants.
Mark R. Holmes, McComb, Attorney for Appellee.
EN BANC.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. This appeal involves a workers' compensation claim. Appellee Donald Halford suffered two work-related injuries: the first injury occurred December 1, 1994, and the second occurred May 5, 1995. Halford settled his two claims with his employer/carrier, the appellants, on December 20, 1995. On December 4, 1996, Halford filed a petition to re-open his claim alleging a mistake of fact; appellants denied this was the case. A hearing on this petition was held January 21, 1997, and the administrative law judge denied Halford's petition on February 21, 1997.
¶ 2. From the administrative law judge's decision, Halford filed a petition with the Commission for review on March 6, 1997. In September, the Full Commission held a hearing at which time they affirmed the administrative law judge, denying Halford's right to reopen the claims.
¶ 3. Halford then filed a notice of appeal to the Copiah County Circuit Court. Honorable Lamar Pickard entered an order January 20, 1999, reversing the Commission claiming the Commission's finding was clearly erroneous and granting Halford's petition to reopen his claim.
¶ 4. From the decision of the circuit court, the employer/carrier now appeals. We reverse the circuit court and affirm the administrative law judge and the Commission, both of which denied Halford's right to reopen his claim.

FACTS
¶ 5. Donald Halford was employed as a chainsaw operator for J.R. Logging. In December 1994, Halford suffered an injury to his left arm, shoulder and index finger. In May 1995, Halford suffered a second injury, this time to his left forearm. With both injuries, the employer/carrier paid temporary total worker's compensation benefits to Halford.
¶ 6. Orthopedic surgeon Dr. B. Thomas Jeffcoat found Halford to be fifteen percent permanently disabled in his left arm due to the December 1994 injury. Dr. Jeffcoat released Halford to return to work on March 27, 1995, placing no restriction upon Halford's employment. In May 1995, just before Halford's second injury, Dr. Jeffcoat found Halford to have reached maximum medical improvement regarding the first injury.
¶ 7. With the second injury, which occurred in May 1995, Dr. William C. Warner deemed Halford had reached maximum medical improvement in September 1995, and in October Dr. Warner advised Halford he could return to his job and do light duty work. In November 1995, Dr. Warner determined that Halford had reached maximum medical improvement with a ten percent permanent disability to the body as a whole, further restricting Halford to lifting twenty pounds on the left arm.
¶ 8. In December 1995, Halford and his wife met with the employer/carrier's attorney and with a representative from the Mississippi Workers' Compensation Commission *583 to review settlement documents. Without an attorney to represent them, both Halford and his wife were given an explanation of the settlement as written, and upon their acknowledging that they understood the details of the settlement, Halford signed the petition for a 9(i) final compromise settlement.[1] Workers' Compensation Commission Chairperson Claire Porter entered an Order Approving Settlement in December 1995 for a total lump sum payment of $8,125.31 with a credit for $1,000.04 for permanent partial disability benefits previously advanced. At the time of this order, Halford also was required to and did sign a Full, Final and Absolute Release and Settlement of Claims and Covenant Not to Sue.
¶ 9. This appeal comes following Halford's Petition to Reopen Claim, which alleged a mistake of fact. The particular mistake of fact Halford alleges is that the employer/carrier failed to provide numerous medical reports to the Commissioner or to Halford and failed to explain the contents of any physicians's reports to Halford. Additionally, Halford argues he was not explained the difference between a ten percent disability to one arm as compared to a ten percent disability to the whole body, and this affected the amount he was awarded.
¶ 10. At a hearing on this matter, Halford's illiteracy was explained to all parties involved. Halford contends that he was not given opportunity or time for his literate wife to read and explain the papers to him and, consequently, neither Halford nor his wife was able to understand the settlement details. The attorney for the carrier and the representative from the third party administrator dispute such allegation stating they fully explained to Halford and his wife details of the settlement and that both Halford and his wife signed the petition for settlement and both acknowledged they understood the details of the agreement. The record of Halford's testimony before the Commission also shows Halford had two prior claims with the Commission for work-related injuries. In this testimony, Halford concedes he "is no stranger to this process."

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 11. Appellant J.R. Logging, the employer/carrier, raises two issues in this appeal. First, J.R. Logging questions whether the trial court applied an improper scope of review of the discretionary administrative decision of the Mississippi Workers' Compensation Commission. Second, J.R. Logging questions whether or not the trial court erred in reversing the decision of the Commission not to reopen which was based upon substantial evidence and, therefore, whether or not the claimant's Petition to Re-Open Claim should have been denied.
¶ 12. "The standard of review in workers' compensation cases has clearly been established in our prior holdings. The Workers' Compensation Commission sits as the `ultimate finder of facts' in deciding compensation cases, and therefore, `its findings are subject to normal, deferential standards upon review.'" Pilate v. Int'l Plastics Corp., 727 So.2d 771 (¶ 12) (Miss.Ct.App.1999) (citing Natchez Equip. Co., Inc. v. Gibbs, 623 So.2d 270 (Miss.1993)).
¶ 13. "We hold that judicial review of findings of the Commission extends to a determination of whether they are clearly erroneous. And a finding is clearly erroneous when, although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the Act." Evans v. Continental Grain Co., 372 So.2d 265, 269 (Miss.1979).
*584 ¶ 14. We find the circuit court did not follow the appropriate standard of review that is enunciated above. Had the circuit court weighed the evidence, it would have found substantial evidence did exist to support the finding of the administrative law judge and the Commission. The judgment of the Copiah County Circuit Court is reversed.

ANALYSIS OF THE ISSUES PRESENTED

I. WHETHER OR NOT THE TRIAL COURT ERRED IN ITS APPLICATION OF AN IMPROPER SCOPE OF REVIEW OF THE DISCRETIONARY ADMINISTRATIVE DECISION OF THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION.
¶ 15. J.R. Logging argues the Copiah County Circuit Court applied an improper scope of review of the Mississippi Workers' Compensation Commission's decision. As described in the aforementioned standard, the Commission's findings are subject to "normal, deferential standards upon review" and we will not reverse unless we find the Commission's decision to be clearly erroneous in light of a mistake in finding of fact. Pilate, 727 So.2d at (¶ 12). "As the trier of fact, it is presumed that the Commission made proper determinations as to which evidence was credible and which was not. Unless the Commission's decision was arbitrary and capricious, we will not tamper with the Commission findings." Fleming Enter., Inc. v. Henderson, 741 So.2d 309 (¶ 16) (Miss.Ct.App.1999) (citations omitted). "The Court of Appeals will not overturn a decision of the Workers' Compensation Commission unless it is based on a misapplication of law or it is unsupported by the clear facts presented in the case." A.F. Leis Co. v. Harrell, 743 So.2d 1059 (¶ 7) (Miss.Ct.App.1999) (citations omitted).
¶ 16. We find no evidence of arbitrary or capricious behavior on the part of the Commission, nor do we find the Commission misapplied the law to the facts of this case. Reviewing the circuit court's reasoning for reversing the Commission and as stated further in this opinion, we find the circuit court erred when it failed to properly apply the "clearly erroneous" standard. For this reason and for reasons stated further in this opinion, we reverse the circuit court.

II. WHETHER OR NOT THE TRIAL COURT ERRED IN REVERSING THE DECISION OF THE COMMISSION WHICH WAS BASED UPON SUBSTANTIAL EVIDENCE AND, THEREFORE, WHETHER OR NOT THE CLAIMANT'S PETITION TO RE-OPEN CLAIM SHOULD BE DENIED.
¶ 17. The statutory authority for the Commission to consider whether or not it should reopen a case is found in Section 71-3-53 of the Mississippi Code Annotated.
The Workers' Compensation Commission [may] entertain an application to reopen or reinstate a claim under limited circumstances. The statute provides that the Commission may reopen and review a compensation case "[1] on the ground of a change in conditions or [2] because of a mistake in a determination of fact...." Moreover, the right to reopen a claim in such a situation is within the discretion of the Commission, and the burden is upon the party alleging a change in the claimant's medical condition to prove that change by a preponderance of the evidence.
Pennington v. U.S. Gypsum Co. and USG Interiors, Inc., 722 So.2d 162 (¶ 12) (Miss. Ct.App.1998) (from Dunn, MISSISSIPPI WORKMEN'S COMPENSATION § 336 (3d ed.1990)).
¶ 18. Additionally, noted treatises are also cited in Mississippi case law regarding the Commission's authority to reopen a case. In Bailey Lumber Co. v. Mason, 401 So.2d 696 (Miss.1981), the supreme court expanded the statutory test whereby *585 a case can be reopened, citing 3 Larson, THE LAW OF WORKMEN'S COMPENSATION § 581.52:
A number of statutes have extended the power of reopening beyond change of condition by express statute. Such statutes sometimes specify additional grounds such as mistake, or particular mistakes ... the concept of "mistake" requires careful interpretation. It is clear that an allegation of mistake should not be allowed to become a backdoor route to re-trying a case because one party thinks he can make a better showing on the second attempt. ... The kind of mistake that will warrant reopening is ordinarily a mistake on the part of the fact finder, not on part of one of the witnesses.
Bailey Lumber Co., 401 So.2d at 704 (emphasis added).
¶ 19. "As pointed out by Mr. Dunn in his MISSISSIPPI WORKMEN'S COMPENSATION, section 336, (2d ed.1967), the commission has continuing jurisdiction, within limits, to reopen a case in the doing of which it will not be reversed unless its discretion has been abused." Bennett v. United Parcel Service, 382 So.2d 469, 472 (Miss.1980).
¶ 20. Considering the aforementioned instances whereby the Commission may reopen a case, Halford argued a mistake of fact occurred. In his prior appeal to the Commission and in defense to this appeal, Halford alleges that twenty-three of his medical reports were not made available to the Commissioner for her consideration in approving the settlement. However, Halford does not state what information is contained in these reports, nor does he show how these reports could have changed the outcome of the settlement had they been included in the Commission's portfolio of information. As stated above in Larson, this alleged mistake should not be used as a means to retry one's case, and we will not allow such to constitute cause to reopen Halford's case.
¶ 21. We recognize the Commission is the finder of fact and that reversal is warranted only if we find the Commission to have been clearly erroneous or to have abused its discretion. Since the Commission did have substantial evidence before it to make an informed decision, we find the Commission did not abuse its discretion and was not clearly erroneous in its decision not to reopen Halford's case.
¶ 22. Halford cites Bailey Lumber Co. v. Mason, 401 So.2d 696 (Miss.1981) in support of his contention the Commission did not have all information before it necessary to make an informed decision. In Bailey, the facts are somewhat similar to Halford's case. George Mason, the injured, had a fourth grade education and was illiterate, was not represented by an attorney through his ordeal, had incurred debts and was in dire need of money at the time he settled his claim, and alleged on appeal that the attorneys had taken advantage of his ignorance, misleading him into believe the "deal" he got was quite favorable. The Bailey court allowed Mason to reopen his claim, finding there had been a "misrepresentation of facts" and that the carrier had overreached, taking unfair advantage of Mason.
¶ 23. Halford claims he was taken advantage of the same as Mason was in Bailey and, thus, is entitled to have his case reopened. However, in contrast to Bailey, we can find no such misconduct or failure of the Commission to consider a full and detailed account of Halford's physical and occupational capabilities whereby they could make an educated decision regarding his settlement.
¶ 24. In reviewing the documentation provided in excerpts and the record on this matter, we find that both the administrative law judge and the Commission were fully informed as to Halford's medical condition and work capabilities and used discretion to make a justiciable decision. As the aforementioned standards warrant, we will not reverse the administrative law *586 judge but for an abuse of discretion, which we do not find.
¶ 25. The Copiah County Circuit Court erred in reversing the Commission as the administrative law judge had discretion whether or not to reopen the case, and substantial evidence existed in support of the Commission's finding.

CONCLUSION
¶ 26. "If the Commission's finding of fact and order are supported by substantial evidence, then we are bound by them even though we as fact finder would have been convinced otherwise. We will exercise de novo review on matters of law." Spann v. Wal-Mart Stores, 700 So.2d 308 (¶ 12) (Miss.1997).
¶ 27. In our review of all the information that was before the Commission, we find such data provided substantial facts to support the Commission's finding and that the correct legal standard was applied. In reviewing the circuit court's application of the "clearly erroneous" standard, we find such standard was applied incorrectly. As well, in reviewing the Commission's finding for its validity, we find the circuit court abused its discretion in reversing the finding of the Commission, and we now reverse the circuit court and affirm the Commission's finding.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY IS REVERSED AND RENDERED AND THE JUDGMENT OF THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST APPELLEE.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., AND THOMAS, J.
SOUTHWICK, P.J., concurring.
¶ 29. The majority has discussed the relevant substantive issues that lead to the reinstatement of the Commission's decision. The procedural issue is whether this Court's ruling on the merits runs afoul of case law regarding appeals from interlocutory or non-final judgments. Whether appeals of certain kinds of decisions by administrative agencies are interlocutory has been a recurring issue. I believe this appeal is appropriate but clarification of current law may be necessary to demonstrate that.
¶ 30. The key procedural facts are these: 1) The Commission entered a final order refusing to reopen Halford's claim; no further action would have occurred at the Commission on that decision unless an appellate court ordered it. 2) The circuit court was satisfied that the record contained all the information that it needed to reach a decision. 3) The court determined that the Commission had erred and must permit the claimant to reopen. 4) The cause was remanded for further proceedings.
¶ 31. The recurring procedural issue to which I alluded began with the supreme court's decision in Bickham, v. Department of Mental Health, 592 So.2d 96 (Miss. 1991). Two cases were consolidated for decision. In one the Workers' Compensation Commission sent a claim to an administrative law judge for determining whether the claimant had experienced a change of conditions such that she should be allowed to reopen her claim. In the other, the Commission reopened a claim upon which a settlement had earlier been made, and referred the matter to the administrative law judge for a hearing. The supreme court found that the appeals from both decisions, taken before any action was taken on the reopened claim by the administrative judge or the Commission, were improper. That was because the appeal statute did not permit an appeal from anything other than a final decision of the Commission. Id.; Miss.Code Ann. § 71-3-51 *587 (1972). Bickham means that when the agency itself is continuing its consideration of a case, a party may not appeal to try to stop that consideration. There has not been a final order from which an appeal can be taken.
¶ 32. In a later precedent more analogous to our facts, the circuit court had remanded a case to the Mississippi Employment Security Commission so that a new hearing could be held. Wilson v. Mississippi Employment Security Commission, 643 So.2d 538, 539 (Miss.1994). The supreme court held that the parties had to return to the MESC and have that hearing conducted because the circuit court's order was not a final judgment. Id. at 540. That sounds very much like our case, until we look more closely at the Wilson opinion.
¶ 33. It appears that the circuit court in Wilson did not determine that the MESC had erred, but only that the employer "failed to produce evidence to support the precise grounds for the discharge of" its employee. Id. at 539. The MESC apparently was considering whether the employee had been discharged for misconduct or other reasons that would justify denial of benefits. The circuit court found that the MESC record was inadequate to determine the exact basis for the discharge, so there was a remand. I infer that the Commission decision on benefits might yet prove correct, but more information was needed.
¶ 34. I will not infer more than this from the reported opinion. The important interpretative question is whether this failed to be a final judgment solely because the circuit court remanded to the agency for further proceedings? That would create a rule that until the case was completely resolved and benefits finally awarded or denied, no further appellate review was proper. For ease of reference later, I will designate this as interpretation # 1. Alternatively, was the problem that the circuit court remanded because it could not on the existing record say definitely whether the Commission had erred? Instead it needed more evidence or findings. I label this as interpretation # 2.
¶ 35. Between the two possibilities, I conclude that the reason the circuit court decision in Wilson was not final was because it neither accepted nor rejected the MESC action. Instead, it asked for more information. Ultimately the circuit court might approve what the MESC decided as to benefits. Had the Wilson circuit court instead decided that the MESC definitely erred and sent the case back for further proceedings to determine the proper benefits, I believe that would be a final judgment subject to further review at the Supreme Court. To me that is the better view of Wilson, else no reversal and remand by an appellate court (which is the status of the circuit court in reviewing these agency decisions) would be a final judgment. Thus I adopt interpretation # 2.
¶ 36. Several reasons lead me to this conclusion. The most provincial one is that decisions by the Court of Appeals that reverse and remand a case to a trial court, whether a civil or criminal matter, would otherwise always fail under interpretation # 1 of Wilson to be final judgments. Though review by the Supreme Court of a decision of this Court is by a specific statute regarding writs of certiorari and not through more general appeal rules, the need for a final judgment still exists. Miss.Code Ann. § 9-4-3(2) (Supp.1999); M.R.A.P. 17. Too broad a reading of Wilson would limit Supreme Court review only to decisions by this Court that affirm or that reverse and render. Any remand would prevent higher court review at that time.
¶ 37. Perhaps a more convincing reason is the discussion that appears in Wilson of various precedents. There was no final judgment in the most recent precedent discussed in Wilson since the circuit court had reversed and remanded to an agency so it could make further findings. Wilson, *588 643 So.2d at 540, citing Freeman Truck Line v. Merchants Truck Line, 604 So.2d 223 (Miss.1992). An inconsistent precedent reviewed in Wilson involved a circuit court's sending a case back to the Workers' Compensation Commission "to allow the employer and carrier to present evidence before any final determination was attempted," and that remand order was found to be appealable. Wilson, 643 So.2d at 539, citing L.B. Priester & Son, Inc. v. Bynum, 244 Miss. 185, 137 So.2d 907, 908 (1962). The Wilson court stated that Priester was in error when it allowed the appeal, as the circuit court's remand for further fact-finding was not a final judgment. Wilson, 643 So.2d at 539.
¶ 38. If Wilson stands for the important but narrow principle that no appeal can be taken from an intermediate appellate court's reversal and remand for further development of the record or additional findings, has that principle been consistently followed?
¶ 39. Wilson itself has been cited only twice. In one case, the precedent was used to dismiss an appeal when the agency had merely sent a letter indicating that it was reconsidering the propriety of a project on which it had already issued a permit. Bay St. Louis Community Association v. Commission on Marine Resources, 729 So.2d 796, 798 (Miss.1998). There was clear lack of finality in the agency action. No matter what the intermediate appellate court did, a chancery court in that circumstance, the notice of reconsideration could not be converted into a final order.
¶ 40. The other citation to Wilson was in a precedent of this Court. Park Inn International v. Hull, 739 So.2d 487 (Miss. Ct.App.1999). The Workers' Compensation Commission had awarded temporary disability benefits but denied permanent benefits. The circuit court found that the Commission had abused its discretion and reversed for a determination of the amount of permanent disability benefits. We held that no higher court review was permissible until the Commission had completed its work after the remand. Id. at 491. In other words, we applied what I have called interpretation # 1 of Wilson. Upon further consideration, I now believe that we were in error. I served on the panel deciding the case and fully agreed with it at the time. I no longer do.
¶ 41. Many other decisions have relied upon Bickham. I do not find any of them to be inconsistent with the interpretation that I urge of Wilson. In one recent decision, the Workers' Compensation Commission determined that a claimant should be allowed to reopen her case. This Court held that the Commission's decision to start proceedings was not a final order, a matter well-settled by almost identical facts discussed in Bickham. Flexible Flyer, Inc. v. Harris, 755 So.2d 50 (Miss. App.1999); see Bickham, 592 So.2d at 97 (discussion of facts of consolidated case of Craig-Wilkinson, Inc. v. Spann).
¶ 42. Though our present case also involves proceedings at the Commission to reopen a claim, I find it to be an appealable order even though in Bickham and in Flexible Flyer the orders regarding reopening were not appealable. The reason is simple. In both cited precedents the agency decided to reopen a case, thereby beginning new proceedings. In the present case the Commission determined to keep a case closed, thereby blocking new proceedings. The circuit court's later disagreement with the refusal to reopen was also final and not tentative. There was not, for example, a remand by the circuit court for further fact development that might support or alternatively show the error in the earlier decision not to reopen.
¶ 43. In my view, some of the general categories of permissible and impermissible appeals are the following. 1) No agency decision to reopen or otherwise continue the agency process can be appealed. That is Bickham. 2) No decision of a trial court that is sitting as a first level appellate court can be appealed if it remands in order that more information will be available *589 prior to the court's making a final ruling on whether the agency was right. That is Wilson v. MESC. 3) A decision by the first level appellate court that the agency was definitely wrong in one of its final decisions, even if the court remands for the agency to conduct further proceedings based on that reversal, is a final judgment that is appealable. That is the present case, J.R. Logging v. Halford.
¶ 44. Therefore I find that the present case is properly before us. I also agree with the resolution of the issues that is made in the majority opinion.
McMILLIN, C.J., AND THOMAS, J., JOIN THIS SEPARATE OPINION.
NOTES
[1] Specifications of this type of settlement are described in Miss.Code Ann. § 71-3-29.