IRVING, J.,
for the Court:
¶ 1. This is an appeal by James Maness from a decision by the Hancock County Chancery Court reversing the Mississippi Commission on Marine Resources (CMR) which had ordered a use change designation of an area of shoreline in Hancock County.
PROCEDURAL APPELLATE HISTORY
¶ 2. CMR did not appeal the chancellor’s decision, but after Maness’s appeal had *260 been filed, the State of Mississippi and CMR, by and through the Attorney General of the State of Mississippi, filed a motion tO' intervene, or in the alternative, motion to accept brief as amicus cwriae. This Court granted the motion and allowed the intervention by the State and CMR. In its brief, CMR argued that the chancery court’s order was not a final order from which an appeal might lie. In his response to CMR’s motion, Maness moved this Court to suspend the rules if it found that this appeal was from a non-final judgment, and to deem this appeal to be an interlocutory appeal, notwithstanding that the appeal was not filed as such. Alternatively, Maness moved this Court to hold this appeal in abeyance, and to grant him leave to seek an order from the Chancery Court of Hancock County for the necessary certification under M.R.A.P. 5, and subsequently to petition for an interlocutory appeal in the context of this proceeding. This Court entered its order passing Maness’s motions for consideration along with the merits of the appeal.
FACTS
¶ 3. James Maness filed an application with CMR requesting a change in the use designation of the subject property, from “G” (general use) to “I” (industrial, water dependent industrial development). CMR denied the change. Maness filed a petition for reconsideration, and CMR reversed itself and granted the use change. Concerned Citizens filed an appeal to the Chancery Court of Hancock County.
¶ 4. The chancery court issued an order reversing and remanding the action taken by CMR on Maness’s petition for reconsideration. The order of remand directed the Commission to address certain issues which the court outlined in its order. Feeling aggrieved, Maness appealed.
ANALYSIS OF THE LAW
¶ 5. The plain language of the chancery court’s order'stated that the case was being remanded to CMR to address the issues set forth in paragraph 19 of the order. As such, the order was not a final order from which an appeal to this Court might lie. See Wilson v. Mississippi Employment Sec. Comm’n, 643 So.2d 538, 540 (Miss.1994). The pertinent portion of Paragraph 19 reads:
Appellants attack the CMR’s decision as arbitrary and capricious, noting that the BMR [Bureau of Marine Resources] and its attorney voiced opposition to the change for a variety of reasons, including that Mr. Maness had no specific project and without a project, the CMR could not make any determination on the factors contained in Chapter VIII, Section 2, Part I, E.2, at page VIII-12 of the Program; that the BMR and CMR had always required a project before. The Court notes as follows:
A. Although the CMR voted to approve the application, the findings read into the record by Commissioner Lee were not approved by majority vote or acclimation [sic] and, so, just stand as his reasons for his vote in the record;
B. Although the CMR may choose not to follow the recommendation of the BMR or its attorneys, the CMR should in its findings clearly enunciate why its investigative, bureaucratic arm is not being followed; futher [sic], the Court would note that such is necessitated by the requirement that agency actions be supported by “substantial evidence” in order to pass the arbitary [sic] and car-picious [sic] test of St. Bd of Public Accountancy v. Gray.
C. Commissioner Lee noted that the requirement of a project was a policy, but not a rule or regulation. Although the CMR is free to develop its own interpretations of rules and regulations, the Court is concerned about three matters: (1) If the Court finds that a project is not neccessary [sic], that ruling, as opposed to the CMR’s decision, becomes res judicata and may have an effect on all future applications and permits; (2) If there is no need to have a *261 specific project for a use change, then the language of the use plan is more akin to zoning than a specific permit, which characterization, if memory serves, has been disagreed with by Mr. Maness’ attorneys and by the CMR’s attorneys; These matters should be specifically addressed by the CMR before an appellate court binds the CMR.
¶ 6. The order is clearly interlocutory in nature. The chancellor did not find or conclude that CMR’s decision was right or wrong. The chancellor desired more information before making a final decision in the matter.
¶ 7. This Court now determines that Maness’s motions are not well taken and are overruled. This cause was not filed as an interlocutory appeal, and we decline to suspend the rules and allow it to be handled as such. Accordingly, this appeal is dismissed without prejudice, and CMR is directed to comply with the order of the Chancery Court of Hancock County.
¶ 8. THE APPEAL IN THIS MATTER IS DISMISSED WITHOUT PREJUDICE AND REMANDED TO THE MISSISSIPPI COMMISSION ON MARINE RESOURCES FOR COMPLIANCE WITH THE ORDER OF THE CHANCERY COURT OF HANCOCK COUNTY. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.