# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-00860-SCT

*CIVES STEEL COMPANY PORT OF ROSEDALE
AND EMPLOYERS INSURANCE OF WAUSAU, A
MUTUAL COMPANY*

*v.*

*WALTER WILLIAMS, JR.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2003 |
| TRIAL JUDGE: | HON. LARRY O. LEWIS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHRISTINE B. TATUM |
| | ROBERT F. STACY, JR. |
| ATTORNEYS FOR APPELLEE: | WILLIAM R. STRIEBECK |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | VACATED AND DISMISSED - 02/24/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1. Employer Cives Steel Company appealed an order of the Workers' Compensation Commission granting Walter Williams, Jr., who injured his foot, benefits based on a permanent partial disability to the body as a whole. The Circuit Court of Bolivar County affirmed all three awards but remanded one issue to the Commission to reopen the case for additional testimony necessary to make the determination required by *Howard Industries, Inc. v. Robinson*, 846 So. 2d 245 (Miss. Ct. App. 2002). Cives appealed the circuit court's order affirming the other three awards, and the appeal was assigned to the Court of Appeals. A divided Court of Appeals

reviewed this appeal on the merits and affirmed the circuit court's ruling. *Cives Steel Co. Port of Rosedale v. Williams*, 2004 WL 1192533 (Miss. Ct. App. 2004). We subsequently granted the petition for writ of certiorari.

¶2. This Court finds that the Court of Appeals' majority erred in considering the appeal at this time. We agree with the dissenting view that since the circuit court remanded to the Commission for additional evidentiary proceedings, coming to this Court first was an unauthorized interlocutory appeal. Accordingly, we vacate the Court of Appeals judgment, and dismiss the appeal so that proceedings may continue before the Commission as directed by the circuit court.

### FACTS AND PROCEDURAL HISTORY

¶3. Williams began working for Cives Steel Company ("Cives") in 1992 as an industrial painter. This job required Williams to paint steel beams using an air sprayer and to carry two five-gallon buckets of paint to the sprayers, while stepping over skids and moving beams several times during the process. Williams's work area had concrete flooring, and his hours were from 3:30 p.m. to 2:00 a.m.

¶4. In November of 1997, while Williams was painting, a 1,300 pound I-beam fell on his left foot. Williams had two surgeries to treat his injury, one in April of 1998, and the other in December of 1998. Between the surgeries he continued to work "light duty" at Cives, and after the second surgery he was demoted from painter to a painter's helper due to his long absence. Working as a helper Williams still spent long hours on his left foot and began to experience sharp pain and swelling for about two months until his doctor referred him to a specialist. In September of 1999, the specialist restricted Williams's duties by prohibiting

Williams from standing for more than sixty consecutive minutes. Cives would not allow Williams to return to work under these conditions. Taking several pain medications a day, Williams is still under the care of a pain management specialist.

¶5. In August 2000, Williams began to drive and deliver packages for Federal Express on a part-time basis. For his work with Federal Express, Williams had to switch from a manual to an automatic transmission because he had difficulty using the clutch with his injured foot. At Federal Express, Williams makes $66 each day he works, and on average he works about twenty-six days for every forty-five days. Williams also works mowing three or four lawns a week during the summer months making approximately $100 a week.

¶6. Williams filed a workers' compensation claim against Cives after the injury to his left foot. Following two hearings the administrative judge ruled:

A. Williams was entitled to temporary total disability benefits at the rate of $270.67 per week from November 12, 1997 to May 6, 1999, with proper credit for wages earned by Williams and compensation paid by Cives during this period;

B Williams was entitled to permanent partial disability benefits at the rate of $100.67 per week for 450 weeks beginning May 6, 1999 pursuant to Mississippi Code Annotated § 71-3-17(c)(25)(rev.2000), with proper credit for compensation paid by Cives during this period;

C. Williams was entitled to all medical services and supplies required by the nature of his injury and in the process of his recovery as provided in Mississippi Code Annotated § 71-3-15 (rev. 2000) and the Medical Fee Schedule;

D. A ten percent penalty on all untimely paid installments of compensation pursuant to Mississippi Code Annotated § 71-3-37(5)(rev. 2000) and interest at the legal rate.

¶7. On Cives's petition for review, the Full Commission affirmed the decision of the administrative judge. From this ruling Cives appealed to the Circuit Court of Bolivar County which affirmed the Commission's decision as to all but one issue. On that one issue, the

circuit court found that the Commission had erred in awarding total disability benefits for the period that the claimant was working with a partial disability. The circuit court ordered a remand "to the Commission to reopen the case for additional testimony necessary to make the *Howard Industries* determination." Cives appealed the circuit court's order affirming the other three awards.

¶8. The Court of Appeals held that the evidence supported the finding that Williams was entitled to compensation based on a permanent partial disability to his body as a whole, as opposed to a permanent partial disability to a scheduled member, and the evidence supported finding that for purposes of computing benefits the difference between Williams's average weekly wages before accident and his average weekly wages after the accident was $151. *Cives Steel Co. Port of Rosedale v. Williams*, 2004 WL 1192533 (Miss. Ct. App. 2004). The Court of Appeal's dissent pointed out that "[s]ince the circuit court remanded to the Commission for additional evidentiary proceedings, coming to this Court first was an unauthorized interlocutory appeal." *Id.* at * 5 (Southwick, P.J., dissenting).

## DISCUSSION

¶9. Generally administrative appeals can only be made from a final order. *Wilson v. Miss. Employment Sec. Comm'n*, 643 So. 2d 538, 540 (Miss. 1994). The appeal in the case sub judice is from a circuit court judgment remanding to the Commission for additional evidence. The circuit court found that more testimony was needed in order to make calculations for temporary partial disability benefits under *Howard Industries, Inc. v. Robinson*, 846 So. 2d 245 (Miss. Ct. App. 2002). "To be appealable, the order of the Commission must be a final order." *Southern Natural Resources, Inc. v. Polk,* 388 So. 2d 494, 495 (Miss. 1980).

4

¶10.     In *Wilson*, the circuit court remanded the case back to the Mississippi Employment Security Commission because the "record was insufficient to make a decision as the employer, Foodmax, failed to produce evidence to support the precise grounds for the discharge. . . ." 643 So. 2d at 539.   This Court said that the circuit court's remand for further fact-finding was not a final judgment, and the appeal from that remand was interlocutory.   *Id.*    Under the analysis of *Wilson*, the circuit court's order remanding to the Commission to reopen this case for additional testimony necessary to make the ***Howard Industries*** determination was not a final judgment.     Therefore, the appeal from the circuit court was interlocutory, and coming to the Court of Appeals first was an unauthorized interlocutory appeal.     Thus,   the Court of Appeals erred in considering this appeal on the merits.

## CONCLUSION

¶11.     For these reasons, we vacate the Court of Appeals' judgment and dismiss the appeal so that proceedings may continue before the Commission as directed by the circuit court.

¶12.     **VACATED AND DISMISSED.**

        **WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.    GRAVES, J., CONCURS IN RESULT ONLY.    EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**